# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HENRY MISHKOFF, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:22-cv-763 |
| v. | § | Judge Mazzant-Judge Durrett |
| | § | |
| REDLEO SOFTWARE INC., ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are Defendants Redleo Software Inc.'s ("Redleo"), Altitude Staffing, Inc.'s ("Altitude"), and Vertican Technologies, Inc.'s ("Vertican") respective Motions for Summary Judgment (Dkt. #87; Dkt. #88; Dkt. #89). Having considered the Motions, the relevant pleadings, the record on summary judgment, and the applicable law, the Court finds that the Motions should be **DENIED**.

## BACKGROUND

On August 12, 2024, Redleo filed a Motion for Summary Judgment (Dkt. #87). On August 13, 2024, Altitude and Vertican also filed Motions for Summary Judgment (Dkt. #88; Dkt. #89). Through their Motions, Defendants claim entitlement to summary judgment on each of *pro se* Plaintiff Henry Mishkoff's claims. The Motions are fully briefed and now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating

2

there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the entire summary judgment record and the parties' arguments, the Court is not convinced that any party has met their burden to demonstrate that there are no issues of material fact that entitles either party to judgment as a matter of law. This case is laden with fact questions, and it is a jury's province to decide those fact questions.

## CONCLUSION

It is therefore **ORDERED** that Defendant Redleo Software Inc.'s Motion for Summary Judgment (Dkt. #87) is hereby **DENIED**. It is further **ORDERED** that Defendant Altitude Staffing, Inc.'s Motion for Summary Judgment (Dkt. #88) is hereby **DENIED**. It is finally **ORDERED** that Defendant Vertican Technologies, Inc.'s Motion for Summary Judgment (Dkt. #89) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 12th day of March, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE